UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICKY SMITH                                                                     PLAINTIFF

V.                                             CIVIL ACTION NO. 3:08cv660-DPJ-JCS

JACK POTTER, POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE                                     DEFENDANT

ORDER

This employment discrimination action is before the Court on Defendant Jack Potter's motion to dismiss or, in the alternative, motion for summary judgment [5]. The Court, having fully considered the parties' submissions and applicable authorities, finds that Defendant's motion should be granted.

I.     Facts and Procedural History

Plaintiff Ricky Smith is a forty year old employee of the United States Postal Service (USPS) who proceeds *pro se*. Although his Complaint (hereinafter the "Federal Complaint") is not organized by counts, it references the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 633a; the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq.*; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112 and 12203; and portions of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. §§ 1101 *et seq.* Factually, the Complaint alleges that the USPS engaged in a "campaign of discrimination and fear" after March 2008, including: (1) taking Plaintiff's name off of the work schedule in April 2008; (2) allowing biased managers to grade a postal employee exam resulting in a rating of "ineligible"; and (3) limiting Plaintiff's hours during the week of May 31, 2008.[1] The Government contends

---

[1] In addition, Plaintiff avers that he was assaulted during an investigative interview when a superior grabbed his shoulder. Compl. ¶ 23. However, Plaintiff has indicated that this incident

that Plaintiff failed to exhaust his administrative remedies as to these claims, in the alternative, failed to substantively state a claim.

The relevant history is somewhat convoluted. From April through September 2008, Smith filed eight informal complaints of discrimination with the Equal Employment Office (EEO) of the USPS. The most common complaints related to scheduling disputes as reflected in informal complaints filed May 3, June 12, June 17, July 25, and September 12. These informal complaints encompass the time frames of the failures to schedule pled in paragraphs 13, 15, 21, and 22 of his Federal Complaint. Other alleged acts of discrimination included, *inter alia*, denial of a lunch break and subjection to investigatory interviews. Plaintiff's initial informal complaints attributed the alleged conduct to his disability, but he later asserted that his age and retaliation were motivating factors.

On August 7, 2008, Plaintiff submitted notice of his intent to file a claim based on the ADEA. That notice stated that Plaintiff had "continued to experience harassment and discrimination." He further claimed to have been the "victim of discrimination on several occasions, most notably . . . [being] left off the schedule . . . over the last 45 days [and being] intentionally denied work over another employee." He finally claimed to have been "transferred to another station arbitrarily." Pl.'s Resp. [13] Ex. "A."[2]

Although Plaintiff had taken the preliminary step of providing notice of his intent to sue, he had not yet filed suit in federal court when, on September 20, 2008, he filed a formal EEO

---

demonstrates discrimination and is not intended to state a separate cause of action. Pl.'s Resp. [13] at 14.

[2]This latter claim was not raised in the Federal Complaint.

Complaint of Discrimination. The EEO Complaint of Discrimination alleged retaliation for prior EEO activity, age discrimination, and discrimination due to disability. Among Plaintiff's grievances was the recurring claim that USPS failed to schedule him as much as other employees over a six-month period (i.e., March through September 2008). USPS partially accepted Plaintiff's EEO Complaint of Discrimination, explaining in an October 17, 2008 letter that it would investigate some but not all of his assertions. At that time, the scheduling issues were included within the scope of the acceptance. Def.'s Resp. [20] Attach. 3.

After the partial acceptance and dismissal but before the final determination of Plaintiff's administrative claims, Plaintiff filed the present suit. Defendant seeks dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to exhaust and alternatively moves for summary judgment pursuant to Rule 56. The motion is now ripe for decision.

II.     Analysis

   A.     Applicable Standards

Defendant first asserts that the Court lacks subject matter jurisdiction over this action due to Plaintiff's failure to exhaust administrative remedies. In analyzing a motion to dismiss under Rule 12(b)(1), the Court must first determine whether Defendant's motion is a "facial" or "factual" attack upon the Complaint.

> Simply stated, if the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands. If a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.

3

*Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).  Here, Defendant has submitted evidence outside of the pleadings in support of its motion to dismiss.  Accordingly, Plaintiff was required to respond to Defendant's factual attack in order to carry his burden.  That said, *pro se* pleadings are construed liberally.  *See Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997).

Defendant alternatively seeks summary judgment on the merits of Plaintiff's ADEA claim.  Normally the Court would not entertain this portion of the motion because it was raised in rebuttal.  However, Plaintiff chose to respond substantively in a sur-reply and thereby placed the issue before the Court.  Rule 56(c) of the Federal Rules of Civil Procedure requires entry of summary judgment when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Sec. & Exch.*

*Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). So too, the non-movant must "articulate the precise manner in which the submitted or identified evidence supports his or her claim." *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). Although the Court will endeavor to consider the record as a whole, the Court is "under no duty 'to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir. 2008) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.1992)); *see also Malacara v. Garber*, 353 F.3d 393, 405 ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

B. <u>Age Discrimination Claims</u>

1. *Exhaustion Requirement - ADEA Claim*

Plaintiff generally alleges in his Federal Complaint that his age motivated various decisions, most prominently scheduling decisions that deprived him of additional work.[3] A

---

[3] He also alleges other incidents, such as the testing issue addressed in paragraph 19 of the Federal Complaint, that are attributed to disability. Those issues are discussed below.

federal employee claiming age-based discrimination may choose between two procedural paths. First, he or she may invoke the administrative process. *See Stevens v. Dep't of the Treasury*, 500 U.S. 1, 5-6 (1991). If the claimant invokes the administrative process, he must exhaust his administrative remedies before filing an action in federal court. *White v. Frank*, 895 F.2d 243, 243-44 (5th Cir. 1990). Under the second option, an aggrieved employee may forego the administrative route and bring a civil action in the first instance after providing the employer sufficient notice of that intent pursuant to 29 U.S.C. § 633a(d).[4]

In this case, "Plaintiff has chosen to pursue certain issues along both tracks." Pl.'s Resp. [13] at 15. Therein lies the problem. Plaintiff may not initiate the administrative process and then switch to federal court. *See Fobbs v. Potter*, No. 08-10989, 2009 WL 1706012, at *1–2 (5th Cir. June 17, 2009) (affirming dismissal for failure to exhaust where the plaintiff filed suit while the administrative process was still underway); *Tolbert v. United States*, 916 F.2d 245 (5th Cir. 1990) (same); *White*, 895 F.2d at 244 ("Impatience with the agency does not justify immediate resort to the courts.") (quoting *Rivera v. U.S. Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir. 1987)). Although the notice of intent to sue was filed before the EEO Complaint of Discrimination, the notice was a prerequisite for the federal suit that was filed only *after* Plaintiff submitted his EEO Complaint of Discrimination . *Cf. Devaughn v. U.S. Postal Serv.*, 293 F. App'x 276, 280 (5th Cir. 2008) (holding that informal EEO complaints are prerequisites and not an election).

---

[4]Section 633a(d) provides that "no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred."

6

The question then turns to the scope of the administrative proceeding Plaintiff initiated. The EEO Complaint of Discrimination clearly indicates "Age" and "Retaliation" as the types of discrimination Plaintiff alleged. Def.'s Mot. [6] Ex. "A" at 60. He also complained of discriminatory scheduling over a six month period. The Court finds that this description was sufficiently broad to encompass each of the specific scheduling incidents alleged in his Federal Complaint, all of which fall within the temporal scope of the EEO Complaint of Discrimination. *See Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) ("[T]his court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'").[5]

After filing his EEO Complaint of Discrimination regarding age discrimination, but before filing his Federal Complaint, Plaintiff received the USPS's October 17, 2008 notice that it would tentatively accept certain claims but that other claims were dismissed. Def.'s Resp. [20] Attach. 3. A preliminary notification accepting some claims for investigation and rejecting others is not a final agency decision. *See Holder v. Nicholson*, 287 F. App'x 784, 787 (11th Cir. 2008); *see also Franklin v. Potter*, 600 F. Supp. 2d 38, 61 (D.D.C. 2009) (noting that when the agency only partially dismisses a complaint, there is no final action) (citing 29 C.F.R. § 1614.107(b); *Puckett v. Potter*, 342 F. Supp. 2d 1056, 1065 (M.D. Ala. 2004)). Accordingly,

---

[5]Plaintiff's informal and formal EEO complaints, Federal Complaint, and subsequent submissions present a moving target factually and legally. At times he is specific with respect to the facts and in other instances he describes general behavior over an extended period. So too, the legal basis for the claims continue to evolve. More generally, the EEO Complaint of Discrimination clearly charged age based discrimination in a variety of contexts over a period of time and was sufficient to encompass the entirety of Plaintiff's ADEA claim.

Plaintiff filed suit before exhausting his administrative remedies under the ADEA. *See Fobbs*, 2009 WL 1706012, at *1–2 (affirming dismissal for failure to exhaust where Plaintiff filed suit while the administrative process was still underway); *Holder v. Nicholson*, 287 F. App'x 784, 787 (11th Cir. 2008) (affirming dismissal for failure to exhaust in case filed after preliminary dismissal but before final agency decition); *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740 n.3 (8th Cir. 1996) (affirming dismissal for failure to exhaust).

Two final points merit brief attention with respect to the exhaustion argument. The USPS withdrew the October 17 partial acceptance and replaced it with a notice dated December 3, 2008 that rejected the scheduling claims as having been previously asserted and resolved. *See* Def.'s Mot. [6], Ex "A" at 66. This subsequent action is of no moment. First, Plaintiff elected to include the scheduling claims as part of the general age discrimination claim presented in his EEO Complaint of Discrimination. Even if the scheduling claims were moribund, he was required to exhaust the administrative process once he elected that avenue of redress. *Fobbs*, 2009 WL 1706012, at *2 ("Once Fobbs chose to continue along the administrative relief path by requesting reconsideration by the EEOC she was required to wait until that administrative remedy was exhausted"). Second, the USPS's rejection of the scheduling claims after suit was filed does not restore jurisdiction. *Id.* ("The fact that the EEOC entered a final decision denying Fobbs's request for reconsideration while the motion to dismiss was pending in the district court does not change our analysis [that jurisdiction was lacking for failure to exhaust]"). Having initiated the EEO process, Plaintiff was required to wait for the final agency decision before suing in federal court. *Tolbert*, 916 F.2d at 249. He failed to do so and the Court therefore lacks jurisdiction over his ADEA claim.

8

## 2. Additional Deficiencies - ADEA Claim

Even if jurisdiction existed, the ADEA claim suffers from several additional deficiencies. Plaintiff's Federal Compliant cites the ADEA, but it fails to indicate whether he claims discrimination based on age or retaliation under the ADEA (both of which he pursued in the EEO Complaint of Discrimination). The question becomes even more murky in Plaintiff's various responses related to the pending motion. For example, Defendant's reply argues that Plaintiff failed to state a prima facie case of age based discrimination and further failed to rebut the USPS's legitimate non-discriminatory reasons for the employment decisions. *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff responded with conclusory statements and no record evidence. *See TIG Ins. Co.*, 276 F.3d at 759 (finding that conclusory responses are insufficient under Rule 56(c)). Moreover, in response to Defendant's argument that Plaintiff has failed to offer evidence that his age (40) motivated the decisionmaker, Plaintiff asserted that "there is no need" because "[t]he 'ADEA' includes retaliation." Pl.'s Sur-Reply [16] at 4. Accordingly, the age based discrimination claim appears to have been waived in favor of a retaliation claim under the ADEA, and if not waived, the claim fails for lack of evidence establishing a prima facie case or proof of pretext. *TIG Ins. Co.*, 276 F.3d at 759.

## 3. Retaliation

For the retaliation claim under the ADEA to survive, the Plaintiff would have to demonstrate that it was not reflected in the EEO Complaint of Discrimination but was sufficiently reflected in his Section 633a(d) notice of intent to sue. However, the EEO Complaint of Discrimination clearly shows "Retaliation" as a basis for Plaintiff's allegations. Thus, there has been a failure to exhaust as discussed above. In addition, the notice of intent to

sue says nothing of retaliation and therefore fails to provide the requisite notice. 29 U.S.C. § 633a(d). It is worth noting that a primary purpose of the federal administrative system "is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). These objectives would be lost if the Court were to somehow find that the retaliation claim was not reflected in the EEO Complaint of Discrimination but was sufficiently implied in the Section 633a(d) notice.

      C.      Rehabilitation Claim

Plaintiff claims that a disability (in addition to age) motivated the scheduling decisions and that he was rated "'ineligible' in the writing section of USAP Exam 600 . . . [because] some of the graders were managers who had issue with Plaintiff's attendance record." Compl. ¶ 19. Plaintiff pursues these disability claims under both the Rehabilitation Act and the ADA, although the former "constitutes the exclusive remedy for a federal employee alleging disability-based discrimination." *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008).

Unlike the ADEA, The Rehabilitation Act offers no election between the administrative track or suit in federal court. Instead, the Rehabilitation Act, like the ADA, requires exhaustion of all administrative remedies before filing suit in federal court. *Burke v. Frank*, 8 F.3d 21, No. 92-5754, 1993 WL 455877, at *1 (5th Cir. Oct. 26, 1993). In this case, none of the disability related claims listed in the EEO Complaint of Discrimination were exhausted prior to suit. *See*

*supra*, Part II.B.  Moreover, those claims not referenced in the EEO Complaint of Discrimination, like the testing claim (Federal Complaint ¶ 19), were never exhausted.[6]

    D.    CSRA Claim

Plaintiff's Federal Complaint invokes the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §§ 1101 *et seq*. (2000), when it cites 5 U.S.C. § 2301 (Merit System Principles) and 5 U.S.C. § 2302 (Prohibited Personnel Practices) as additional grounds for federal question jurisdiction.[7]  The CSRA created an "elaborate new framework for evaluating adverse personnel actions against federal employees." *United States v. Fausto*, 484 U.S. 439, 443 (1988).  In the present case, the Court must first determine what type of CSRA claim Plaintiff intended.

The basis of Plaintiff's CSRA claim is not entirely clear.  The Complaint merely lists the statute in the jurisdictional paragraph without providing the specific sections Plaintiff intended to invoke.  Plaintiff's response to the present motion adds little, noting only that his supervisor committed "prohibited practices" "for a number or years" without describing the practices.  Pl.'s Resp. [13] at 15.  Plaintiff does seem to suggest, however, that the CSRA claims

---

[6]As discussed, Plaintiff's claims offer a moving target.  With respect to his disability claims, he initially responded to the pending motion by arguing that the Rehabilitation Act claim survives dismissal.  However, when faced with the likelihood that the disability claims had not been exhausted, Plaintiff later argued that he has come "to the conclusion that [the alleged discriminatory] actions were not primarily based on disability; no these discriminatory actions were grounded in age discrimination."  Pl.'s Memo. in Resp. [13] at 12.  In doing so, Plaintiff essentially waived the disability claims.  Moreover, he cannot convert a disability claim, such as the testing incident (Federal Complaint ¶ 19), to an age claim in response to the pending motion.  *Cutrera v. Bd. of Supervisors of La. State Univ*., 429 F.3d 108, 113 (5th Cir. 2005).

[7]It is unclear whether Plaintiff is even covered by the CSRA, which protects only certain categories of postal employees.  The Court will assume for the sake of this order that the statute applies, as neither party has adequately addressed the issue.

11

track his ADEA claim. *Id.* It therefore appears that Plaintiff pursues a "mixed claim," which exists when the claim "involves both an adverse employment claim appealable to the MSPB [Merit Systems Protection Board] and a claim of prohibited discrimination." *Devaughn v. U.S. Postal Serv.*, 293 F. App'x 276, 279 n.2 (5th Cir. 2008) (citing 5 U.S.C. § 7702 and 29 C.F.R. § 1614.302(a)).

The CSRA framework provides two paths for redressing adverse employment actions in mixed claims. The aggrieved employees may bring either a "mixed complaint" before the postal service's Equal Employment Office or a "mixed appeal" before the Merit Systems Protection Board. *See* 5 U.S.C. § 7702(a)(1)-(2); 29 C.F.R. § 1614.302(a)(1) (defining mixed case complaint); 29 C.F.R. § 1614.302(a)(2) (defining mixed appeal). Significantly, "a jurisdictional prerequisite of federal court review is exhuastion of the administrative remedies" provided for in 29 C.F.R. § 1614.302. *Kurth v. Gonzales*, 469 F. Supp. 2d 415, 422 (E.D. Tex. 2006) (citing *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) ("Under no circumstances does [§ 2302] grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance.")).

In the present case, Plaintiff's response merely attempts to distinguish Defendant's authority on factual grounds without demonstrating through record evidence that he exhausted these claims or providing any relevant supporting authority. Plaintiff further seems to suggest that, regardless of the CSRA, his claims survive under the ADEA. Pl.'s Resp. [13] at 15. Conclusory allegations and legalistic argument fail to satisfy Plaintiff's burden under Rule 56(c). *TIG Ins. Co.*, 276 F.3d at 759. To the extent these claims are not abandoned, the Court finds that

it lacks jurisdiction for Plaintiff's failure to exhaust. Finally, even if this were not a mixed claim, the failure to exhaust would be fatal.

III.     Conclusion

Plaintiff jumped the gun in filing the present suit, and the Court finds that Defendant's motion [5] should be granted. Finally, Plaintiff raised other arguments in his submissions that the Court has duly considered but must reject. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 28th day of September, 2009.

>s/ *Daniel P. Jordan III*
>UNITED STATES DISTRICT JUDGE